Hillsborough,  }
  Dec., 1899.  }

## DEAN-WHITING ELEVATOR CO. *v.* PEASE.

In an action of implied assumpsit for labor, evidence of the plaintiffs' customary charges for similar services is admissible to prove the market price or value of the labor furnished.

ASSUMPSIT, upon a contract in writing, for the price of a hydraulic plunger elevator put into the defendant's building by the plaintiffs, and for extra expense under the following provision in the contract: "Excavation necessary for the proper setting of the elevator to be done by the Elevator Company, except in case of rock, when, if drilling or blasting is done, the extra expense of the same will be charged." Trial by jury and verdict for the plaintiffs.

There was rock in the way of the necessary excavation which had to be drilled, for which the plaintiffs, in their specifications, charged 818 1-2 hours' labor at forty cents an hour. The plaintiffs' manager, after stating the number of hours occupied in drilling, testified, subject to the defendant's exception, as follows: "We always charge forty cents an hour; it has been our custom; and sometimes fifty cents an hour for similar labor." On cross-examination he stated that the plaintiffs paid one of the three men who did the drilling $3 a day (of ten hours), and the other two $2.50 a day each. There was other evidence regarding the cost of the labor, all to the same effect.

The jury were instructed, in accordance with the defendant's contention in the opening statement and closing argument of his counsel, that the plaintiffs were entitled to recover under the foregoing provision of the contract the difference between the actual cost of the drilling and the cost of making the excavation if there had been no rock in the way, without any profit.

*Hamblett & Runnells,* for the plaintiffs.

*Bertis A. Pease* and *Henry B. Atherton*, for the defendants.

PARSONS, J.  " There is and everywhere must be a marked difference between the price allowed by a contractor for mere muscular force, and that which he may claim to be allowed for the labor of the same men when their strength is controlled and rendered effective by the exercise of his own skill, judgment, and capacity for business, and aided by his machinery and capital." *Bell*, J., in *Currier* v. *Railroad*, 31 N. H. 209, 224.   The evidence of the customary charge made by the plaintiffs in their business had some tendency to prove the usual market or reasonable price or value of labor so furnished.   Upon the question of the cost of goods, evidence of their value is competent as having some tendency to show their cost.   *Watts* v. *Sawyer*, 55 N. H. 38, 41.   It cannot be said that evidence of the value or market price of such labor compared with the price or value of labor employed in other excavation, as shown by its market or usual price or value, or by other evidence, would not have some tendency to show the probable increased expense occasioned to the plaintiffs by the necessary drilling or blasting.   The expense to the plaintiffs in procuring, directing, and paying the muscular force employed was as much a part of the expense of drilling and blasting as the actual payments made for the manual performance of the work.   If it should be considered that the charge included a profit above the actual expenditure for the laborers employed and the other items of expense understood to be included therein, the evidence, so far as it related to the profit usually charged, was merely immaterial upon the issue tried.   The jury were instructed not to allow any profit.   It does not appear that the instructions have been disregarded, or that the evidence was used for any purpose for which it was incompetent.

*Exception overruled.*

CHASE, J., did not sit: the others concurred.